IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUVEN SHAFIR<br>    Plaintiff,<br><br>vs.<br><br>ALLA PASTERNACK, EXECUTRIX of the ESTATE of LEON FRENKEL, DECEASED<br><br>    Defendant. | :<br>:<br>:<br>:<br>:   CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Ruven Shafir ("Shafir" or "Plaintiff"), by and through his undersigned counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby brings this action against Alla Pasternack, Executrix of the Estate of Leon Frenkel (the "Estate"), and in support thereof avers the following:

## PRELIMINARY STATEMENT

1. The instant action involves the blatant refusal of Leon Frenkel ("Frenkel") and, later, Frenkel's Estate, to honor Frenkel's contractual duty to repay a certain loan in the principal amount of $100,000 (the "Loan") extended to Frenkel by Plaintiff, Ruven Shafir, the terms of which are outlined in a certain promissory note dated March 4, 2016 (the "Note"), a true and correct copy of which is attached hereto and incorporated herein as Exhibit "A."

2. Under the terms of the Note, as amended, the Loan matured on September 6, 2016, at which time the principal, loan fees and accrued interest became immediately due and payable.

3. Frenkel breached the terms of the Note by failing to remit such amounts to Shafir on or before September 6, 2016.

5163623

4. Since September 2016, Shafir has repeatedly notified Frenkel, and after Frenkel suddenly passed away in early-March 2017, Frenkel's Estate, of the default and demanded payment of the outstanding amounts due. Despite such repeated demands and notices, Frenkel and his Estate have refused to pay the total indebtedness due.

5. Accordingly, Shafir now brings this action against the Estate to recover the total indebtedness due under the terms of the Note.

## THE PARTIES

6. Ruven Shafir is an adult individual with an address at 2152 E. 65th Street, Brooklyn, New York 11234.

7. Alla Pasternack ("Pasternack") is an adult individual with an address at 1464 Wesleys Run, Gladwyne, Pennsylvania 19035. Ms. Pasternack is the Executrix of the Estate of Leon Frenkel.

8. Leon Frenkel passed away on or about March 4, 2017. Prior to his death, Mr. Frenkel lived at 1600 Flat Rock Road, Narberth, Pennsylvania 19072.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Specifically, Shafir is a citizen of the state of New York and Pasternack is a citizen of the Commonwealth of Pennsylvania.

10. Venue is proper in this District because Pasternack resides in this District and the wrongful acts alleged in this Complaint occurred in this District.

5163623

## FACTUAL BACKGROUND

11. In or around early 2016, Frenkel approached Shafir multiple times to request a loan in the principal amount of $100,000 for the purported purpose of investing in a South American oil-related transaction. Frenkel explained to Shafir that his money was tied up in other endeavors and that he needed a short-term (30 day) infusion of capital to make the investment.

12. At the time, Frenkel was a hedge fund manager with more than thirty (30) years of business, capital markets and lending experience.

13. Due, in part, to Shafir's respect for Frenkel as a business leader and Frenkel's promise that the Loan would be repaid quickly, Shafir ultimately agreed to lend Frenkel the $100,000.

14. After a brief period of negotiation between Shafir, Frenkel and Frenkel's attorney, Jerrold B. Frankel ("Attorney Frankel"), Shafir and Frenkel entered into the Note, pursuant to which Shafir extended to Frenkel the Loan in the amount of $100,000. *See* Ex. "A," Note.

15. Pursuant to the terms of the Note, Frenkel agreed to repay Shafir the principal amount of $100,000, together with a $25,000 loan fee, within thirty (30) days and, if the principal and loan fee was not repaid within thirty (30) days, Frenkel would pay Shafir monthly compounded interest at the rate of five percent (5%). *See id.* at p. 1.

16. The Note also set forth a maturity date of August 25, 2016 (the "Maturity Date"), at which time all outstanding principal, accrued interest and the loan fee would be due and payable. *See id.*

17. Pursuant to the Note, Frenkel acknowledged that failure to pay the entire principal, loan fee and accrued interest by the Maturity Date would constitute a default thereunder. *See id.* at ¶ 3(i).

5163623

18.     The Note also provided that the Loan was collateralized by Frenkel's common share holdings and/or ownership in GlyEco, Inc. (the "Collateral") and that, if the principal, loan fee and accrued interest were not paid by the Maturity Date, Frenkel would transfer the Collateral (free and clear of any debt) or equivalent cash value to Shafir. *See id.*

19.     On August 10, 2016, Frenkel and Shafir entered into an amendment to the Note, memorialized by a letter agreement (the "Letter Agreement"), whereby the Maturity Date was extended to September 6, 2016 (the "Revised Maturity Date"). The Letter Agreement further provided that all other terms and conditions of the Note would remain unchanged, including repayment amount and interest. A true and correct copy of the Letter Agreement is attached hereto and incorporated herein as Exhibit "B."

20.     Frenkel breached the terms of the Note by failing to repay the principal, loan fee and accrued interest by the Revised Maturity Date.

21.     Between September 2016 and February 2017, Shafir repeatedly and persistently notified Frenkel of his default and demanded repayment, with Frenkel repeatedly promising that he would repay the principal, loan fee and all accrued interest.

22.     On or about December 1, 2016, Attorney Frankel sent Shafir a partial payment of $125,000 by way of wire transfer. Immediately thereafter, Shafir asked Attorney Frankel and Frenkel about Frenkel's intention to pay the remaining amounts due and owing under the Note.

23.     Notwithstanding Shafir's repeated demands and Frenkel's repeated promises, Frenkel failed to pay all amounts due and owing.

24.     Frenkel passed away suddenly on March 4, 2017.

25.     On or about April 27, 2017, Shafir's counsel notified the Estate's counsel of the outstanding balance due on the Note and demanded repayment of same.

26. Despite multiple demand notices, the Estate has failed to pay the total indebtedness due under the Note.

27. As of July 11, 2017, the total amount of indebtedness owed under the Note is $76,833.73.

28. Due to Frenkel's default, Shafir is entitled to recover his costs and expenses, including reasonable attorney's fees, incurred in connection with the Note. *See* Note, ¶ 8.

29. As of May 31, 2017, Shafir has incurred $3,109.50 in legal fees, costs and expenses in connection with the Note.

30. As such, the total amount of indebtedness presently owed under the terms of the Note, along with Shafir's reasonable legal fees and costs through May 31, 2017, totals $79,943.23.

## COUNT I
### *(Breach of Contract)*

31. Shafir incorporates by reference paragraphs 1 through 29, above, as though fully set forth herein at length.

32. The Note constitutes a binding and enforceable contract between Shafir and Frenkel.

33. Frenkel obtained and benefitted from the funds provided under the Note, and his Estate continues to benefit from such funds.

34. Frenkel materially breached the terms of the Note by failing to pay the total amount due and owing under the Note by the Revised Maturity Date.

35. Frenkel's conduct is without excuse or justification.

36. As a direct and proximate result of Frenkel's breaches of the Note, Shafir has suffered substantial damages in an amount exceeding $75,000.

5163623

37.     Shafir is entitled to additional interest pursuant to the terms of the Note, as said interest becomes due.

38.     Mr. Shafir is also entitled to recover his reasonable attorneys' fees incurred in connection with this matter in accordance with the Paragraph 8 of the Note.

39.     Shafir's damages are continuing insofar as Frenkel and the Estate have failed to render complete payment to Shafir, thereby compelling Shafir to incur ongoing expenses, including but not limited to attorneys' fees and costs, which Shafir is entitled to recover pursuant to Paragraph 8 of the Note.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ruven Shafir, respectfully requests that judgment be entered in his favor and against defendant, Estate of Leon Frankel, deceased, for compensatory damages in the amount of $79,943.23, together with lawful interest that continues to accrued from the date hereof, or the common share holdings and/or ownership in GlyEco, Inc. (free and clear of any debt) or equivalent cash value, together with attorneys' fees and additional costs, interest and amounts which may hereafter become due and owing pursuant to the terms of the Note, and any other relief this Court deems appropriate.

Respectfully submitted,

/s/ Michael V. Phillips
Michael V. Phillips (Pa. Id. No. 201437)
Samantha J. Koopman (Pa. Id. No. 318467)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
(215) 665-3000
michael.phillips@obermayer.com
samantha.koopman@obermayer.com
*Counsel for Plaintiff, Ruven Shafir*

5163623